The opinion of the Court, was delivered by
Ford, J.
The plaintiff brought trespass before a justice of peace, for entering his close in North Brunswick, breaking his fence, spoiling his grass, and saplings, and carrying away ten cords of wood. The defendant appeared, and pleaded title in one Henry Obert, by whose command he entered the close &c. and tendered a bond as the statute directs. To an action in this *343 Court, for the same trespass, the defendant appeared, and pleaded title in Henry Obert as before, and also pleaded, not guilty. The plaintiff then ¡nade a new assignment, describing the close as lot No. 2. F, on a map recorded in the surrogate’s office, of the partition of lauds late the property of Robinson Thomas, deceased, which he averred to be the same dose. The defendant pleaded title in this close, in Henry Obert, as before, and also the plea of not guilty. At the Circuit, a verdict was taken for the plaintiff, ultimately, by consent, for a small sum, and on an agreement submitting certain points to the Court. One is, that if the pleadings are wrong, the Court shall amend them, and make them as they ought to be.
In the case of Westervelt v. Marinus, 2 Pen. Rep. 693, nearly thirty years ago, this Court decided, that a justification by plea of title, was an admission of the trespass, in the Court below; and in an action here for the same cause, the trespass cannot be disputed; wherefore they ordered the plea of not guilty to be stricken out. Ever since that time, it has been disallowed. If the defendant means to deny the trespass, or the plaintiff’s possession, the Court below is competent, and those matters must be tried there. Gregory v. Kanous, 6 Hals. 62. The intent of the legislature was, and this Court has so declared, “ that the proceedings here should be upon the same issue that was made below; that the cause is removed to try the title only.” Ellet v. Pullen, 7 Halst. 362. The new assignment does not enlarge the complaint in this case, it only gives a better description of the close, averring it to be the same • and the defendant treats it as the same, by pleading title to it, as before. Therefore in pursuance of the principle so fully, and so long established in this Court, the pleas of not guilty, must both be stricken out. The only issue to be tried, is, whether Henry Obert had or not, a legal title to enter on the close.
The next point is, whether under this issue, the plaintiff was bound to prove his possession. In the declaration, he alleges it to be his inclosure. “ A special plea in bar admits the truth of the declaration.” Gould’s Plead. 45, sec. 39; Id. 342, sec. 70, 72. The plaintiff had no occasion to prove what is admitted by the pleadings.
The next point is, ought the agreement between Robinson *344 Thomas and Henry Obert, for the sale and purchase of the land, fo have been admitted in evidence. It was not a deed, nor did it convey any legal estate to Henry Obert; on the contrary, it shewed that the legal title was still in Eobinson Thomas or his heirs; therefore it. was no evidence of title in Henry Obert, and the Court so informed the jury.
The defendant’s counsel admitted in his opening, to the Court and jury, that Henry Obert had no deed for the close, but said he had a good legal title by twenty years adverse possession. He then proved the signatures of Thomas and Obert, and that when Thomas delivered the agreement, he told Obert he might take possession. The agreement was then read by permission of the Court, as competent evidence of the time when Obert’s possession first began, and of the premises on which he entered. He was to pay three hundred dollars for the laud, and had given his note to Eobinson Thomas for one hundred dollars thereof, as appeared by an endorsement; but evidence of payment of any part of the residue was not offered; the defendant relied on presumption of payment, after the lapse of time from the date of the agreement, which was in 1811. The Court directed the jury, that the agreement shewed a holding under Eobinson Thomas, by his permission; that it was not a possession adverse to him, and its continuance for twenty years, would not give a legal title. “ To make out an adverse possession, strict proof must be made that the first possession was taken under a claim hostile to the real owner.” Adams on Eject. 47, note 4, and cases there cited. As the defendant gave no evidence of title in Henry Obert, either documentary or possessory, and shews nothing more than an equitable interest which cannot maintain his issue, there seems to be no ground for ordering a new trial, and therefore the rule to shew cause must be discharged.
Hornblower, C. J. and Eyebson, J. concurred.

Mule discharged.

Cited in Campfield v. Johnson, 1 Zab. 84.